A CERTIFIED TRUE COPY

ATTEST

By Tanisha Spinner on Apr 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Apr 08, 2008**

**FILED**
**CLERK'S OFFICE**

**IN RE: GENETICALLY MODIFIED RICE**
**LITIGATION**

| | |
|---|---|
| Rickmers Reismuehle GmbH v. Producers Rice Mill, Inc., | ) |
| E.D. Arkansas, C.A. No. 4:07-732 | ) |
| Rickmers Reismuehle GmbH v. Riceland Foods, Inc., | ) |
| E.D. Arkansas, C.A. No. 4:07-733 | ) |

MDL No. 1811

**FILED**

APR - 9 2008

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiff in two actions pending in the Eastern District of Arkansas has moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the Eastern District of Missouri for inclusion in MDL No. 1811. Defendants in both actions and Bayer CropScience LP (Bayer) oppose the motion.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of Missouri, and that transfer of these actions to the Eastern District of Missouri for inclusion in MDL No.1811 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Missouri was a proper Section 1407 forum for actions involving allegations regarding Bayer's role in causing the contamination of commercial rice stocks with genetically modified rice. *See In re Genetically Modified Rice Litigation*, 466 F.Supp.2d 1351 (J.P.M.L. 2006).

The parties argue against transfer that, *inter alia*, these breach of contract actions should be excluded because they involve facts independent of MDL No. 1811 and because transfer will delay the resolution of the actions. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any individual issues or claims to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[*] Judge Scirica took no part in the disposition of this matter.

- 2 -

Should the circumstances regarding any action in MDL No. 1811 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, and accordingly the transferee court deems Section 1407 remand of any claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Catherine D. Perry for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |